**GARY J. NELSON, CA Bar No. 184651**
gary.nelson@cph.com
**G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
**KATHERINE L. QUIGLEY, CA Bar No. 258212**
katherine.quigley@cph.com
**CHRISTIE, PARKER & HALE, LLP**
655 North Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone:   (626) 795-9900
Facsimile:    (626) 577-8800

Attorneys for Plaintiffs,
IQAIR NORTH AMERICA, INC. and
ICLEEN ENTWICKLUNGS- UND
VERTRIEBSANSTALT FÜR UMWELTPRODUKTE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IQAIR NORTH AMERICA, INC., a California corporation, and ICLEEN ENTWICKLUNGS- UND VERTRIEBSANSTALT FÜR UMWELTPRODUKTE, a Liechtenstein corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CRUCIAL VACUUM, LLC a New Jersey limited liability company; CRUCIAL AIR, LLC, a New Jersey limited liability company, and CHAD RUBIN, an individual,<br><br>Defendants. | Case No.  2:14-CV-9631<br><br>**COMPLAINT FOR:**<br><br>(1) **TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114(1)**<br>(2) **TRADEMARK INFRINGEMENT OF AN UNREGISTERED MARK, 15 U.S.C. § 1125(a);**<br>(3) **TRADEMARK INFRINGEMENT, CAL. BUS. & PROF. CODE § 14320;**<br>(4) **FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a);**<br>(5) **FALSE ADVERTISING, 15 U.S.C. § 1125(a);**<br>(6) **FALSE ADVERTISING, CAL. BUS. & PROF. CODE § 17500 *ET SEQ.***<br>(7) **UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*;**<br>(8) **UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br>(9) **TRADE DRESS INFRINGEMENT**<br>(10) **BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

CHRISTIE, PARKER & HALE, LLP

For its Complaint against Defendants Crucial Vacuum, LLC ("Crucial Vacuum"), Crucial Air, LLC ("Crucial Air") and Chad Rubin, an individual ("Mr. Rubin") (collectively "Defendants"), Plaintiffs IQAir North America, Inc. ("IQAir North America") and Icleen Entwicklungs- und Vertriebsanstalt für Umweltprodukte, a Liechtenstein corporation, ("Icleen") (collectively "Plaintiffs" or "IQAir") allege as follows:

**JURISDICTION AND VENUE**

1.      This is an action for trademark infringement in violation of 15 U.S.C. Sections 1114(1) & 1125(a) and Cal. Bus. & Prof. Code Section 14320, false designation of origin and false advertising in violation of 15 U.S.C. Section 1125(a) and Cal. Bus. & Prof. Code Sections 17500 *et seq.*, unfair competition under Cal. Bus. & Prof. Code Sections 17200 *et seq.* and the common law of California, trade dress infringement in violation of 15 U.S.C. Section 1125(a) and breach of contract.  This Court has subject matter jurisdiction pursuant to at least 15 U.S.C. Section 1121(a), 28 U.S.C. Section 1338(a), (b) and 27 U.S.C. Section 1367.

2.      This Court has personal jurisdiction over Defendants because Defendants have conducted systematic and continuous business within California and because they have directed their unlawful business activities towards California and have caused injury to a California resident within California.

3.      Venue is proper under 28 U.S.C. Section 1391(b)(2).

**PARTIES**

4.      IQAir North America is a company organized under the laws of California and its principal place of business is located in La Mirada, California. IQAir North America is part of the IQAir family of companies.

5.      Icleen is a Liechtenstein corporation located in Schaan, Liechtenstein and is also part of the IQAir family of companies.

CHRISTIE, PARKER & HALE, LLP

6.       Upon information and belief, Crucial Vacuum is a limited liability company organized under the laws of New Jersey and is located at 39 Broadway, Cresskill, New Jersey 07626.

7.       Upon information and belief, Crucial Air is a limited liability company organized under the laws of New Jersey and is located at 200 Gates Rd., Suite C, Little Ferry, New Jersey 07643.

8.       Upon information and belief, Mr. Rubin, an individual, is a New York resident and is the President and Founder of Crucial Vacuum.  Upon information and belief, Mr. Rubin is also the sole Manager of Crucial Air.  Upon information and belief, Mr. Rubin was and is an active and direct participant in, and the driving force behind and has induced, the unlawful activity alleged by IQAir in this Complaint.

9.       Upon information and belief, Crucial Air and its website www.crucialair.com are controlled and operated by Mr. Rubin in his capacity as the sole Manager of Crucial Air.

10.      Upon information and belief, Crucial Vacuum and its website www.crucialvacuum.com are controlled and operated by Mr. Rubin in his capacity as the President and Founder of Crucial Vacuum.

11.      Upon information and belief, each of the Defendants was and is the agent, alter ego, co-conspirator or joint venturer of each of the other Defendants and the acts of each of the Defendants were and are in the scope of such relationships.

12.      Upon information and belief, in doing the acts or failing to act as alleged in this Complaint, each of the Defendants acted with the knowledge, permission, and the consent of each of the other Defendants.

13.      Upon information and belief, each of the Defendants aided and abetted each of the other Defendants in the acts or omissions alleged in the Complaint and induced the infringement as alleged in this Complaint.

-3-

**FACTUAL BACKGROUND**

14.     IQAir specializes in technology including, without limitation, air purifying units and air filters for commercial, residential, and medical applications that help protect people from airborne pollutants.  IQAir implements this technology in residential, commercial and public buildings throughout the United States, including in this District, and internationally.

15.     IQAir's manufacturing and production facility is located in Switzerland.  By using very high quality components, a dedicated team of skilled craftsmen and women, and state-of-the-art manufacturing processes, IQAir is able to build very high quality air purifying products which are sold in the United States, including in this District.

16.     IQAir is a family company created by the Hammes family with roots going back to 1963 when Manfred Hammes and his brother Klaus Hammes, a mechanical engineer, introduced a simple filter system for residential users in Germany.  The company was later relocated to Switzerland.

17.     By the Spring of 1998, the first IQAir system, the HealthPro® Plus was manufactured at the Swiss manufacturing facility.  At least as early as 2000, IQAir purifiers became available in the United States.

18.     IQAir's products have received numerous awards and acclaim in the industry.  In 2002, IQAir became the first room air cleaner to receive a H12/13 certification for its HyperHEPA® filters, available in multi-million dollar cleanroom filtration systems.

19.     In addition, Consumers Digest Magazine has repeatedly named the IQAir HealthPro® Plus as the "Best Buy" for home air purifiers in the Premium category.

20.     Icleen is the owner by assignment of United States Trademark Registration No. 2,434,741 for the mark HYPERHEPA for use in connection with air purifying units and air filters for domestic, commercial, and medical

CHRISTIE, PARKER & HALE, LLP

applications; air filters for air conditioning units in International Class 11. This registration issued on March 13, 2001 and is incontestable. This registration is valid and existing on the Principal Register of the United States Patent and Trademark Office ("USPTO"). A copy of the registration is attached as Exhibit A.

21.    Icleen is the owner by assignment of United States Trademark Registration No. 2,481,422 for the mark HEALTHPRO for use at least in connection with air purifying units and air filters for domestic, commercial, and medical applications; air filters for air conditioning units in International Class 11. This registration issued on August 28, 2001 and is incontestable. This registration is valid and existing on the Principal Register of the United States Patent and Trademark Office ("USPTO"). A copy of the registration is attached as Exhibit B.

22.    Icleen is the owner by assignment of United States Trademark Registration No. 3,343,313 for the mark IQAIR for use at least in connection with air purifying units and air filters for commercial, domestic, and medical applications in International Class 11. This registration issued on November 27, 2007 and is incontestable. This registration is valid and existing on the Principal Register of the United States Patent and Trademark Office ("USPTO"). A copy of the registration is attached as Exhibit C.

23.    Icleen has been careful, skillful and diligent in the conduct of its business and has maintained uniform standards of high quality in its goods. As a result of these efforts, the trademarks HYPERHEPA®, HEALTHPRO®, and IQAIR® have acquired a public acceptance and reputation, thereby creating public goodwill that inures to IQAir's benefit.

24.    Icleen is the owner of the unregistered mark PREMAX used in conjunction with the marketing, promotion and sale of its air purifying units and air filters in the United States for many years.

-5-

25.     IQAir is the owner of the unregistered mark V5-CELL used in conjunction with the marketing, promotion and sale of its air purifying units and air filters in the United States for many years.

26.     IQAir North America is a licensee of IQAir's trademarks HYPERHEPA, HEALTHPRO, IQAIR, PREMAX and V5-CELL (collectively "the IQAir Marks" or "IQAir's Marks") for use in the United States.  IQAir North America has been selling air purifying units, air filters and replacement filters in the United States in connection with the IQAir Marks for many years.  Over that time, IQAir North America has sold millions of dollars worth of these products.  IQAir North America has extensively promoted its air purifying units and filters nationwide through advertisements, packaging, on its Internet web site and in social media.

27.     On May 24, 2013, IQAir North America entered into an Authorized Dealer Agreement with Mr. Rubin.  A copy of the agreement is attached to this Complaint as Exhibit D ("Authorized Dealer Agreement").  In this agreement, IQAir North America appointed Mr. Rubin as an authorized dealer of IQAir residential air cleaning products and granted Mr. Rubin a non-exclusive license to use the IQAIR trademark in association with such IQAir products for the term of the agreement.  The Authorized Dealer Agreement also contains a restriction that "all trademarks owned by the IQAir Group . . . are expressly forbidden for use in the Dealer [Mr. Rubin's] URL(s)," among other places.  Further, upon termination of the Agreement, Mr. Rubin "shall immediately cease using" IQAir's "[t]rademarks and images and discontinue all representations that [Mr. Rubin] is a dealer."

28.     Upon information and belief, notwithstanding the agreed-upon terms of the Authorized Dealer Agreement, Mr. Rubin used the IQAIR trademark in URLs, for example:

www.crucialvacuum.com/allergy-care/air-purifier-filters/iqair.html

CHRISTIE, PARKER & HALE, LLP

at least as early as April 16, 2013. Copies of websites showing such use are attached as Exhibit E.

29.    Upon information and belief, notwithstanding the agreed-upon terms of the Authorized Dealer Agreement, Mr. Rubin advertised, offered for sale and sold, in this District and elsewhere, low quality replacement air filters using the IQAIR trademark during the term of the Authorized Dealer Agreement.   For example, upon information and belief, Mr. Rubin advertised, offered for sale and sold HEPAdirect replacement filters using the IQAIR trademark on its website www.crucialvacuum.com as well as on paid search advertising.

30.    The Authorized Dealer Agreement was terminated on or about August 22, 2014 by IQAir North America.

31.    Upon information and belief, notwithstanding and with full knowledge of IQAir's business and IQAir's rights in these trademarks, Defendants have conducted business and have advertised, offered for sale and sold, in this District and elsewhere, low quality replacement air filters using IQAir's Marks.   Defendants have and are offering for sale nationwide, in this District and elsewhere in the United States, replacement air filters that are visually similar yet lower quality and directly competitive with the IQAir air filters.

32.    Defendants' use of marks identical to IQAir's Marks has been and is without the consent or authorization of IQAir.

33.    Defendants publicly offer or purport to offer replacement air filters using the IQAir Marks.   For example, Defendants control and operate interactive websites, including www.crucialair.com and www.crucialvacuum.com, in which customers from the United States, including customers located in California, can directly purchase the infringing replacement air filters from Defendants.   On information and belief, IQAir alleges that the manufacturer of any such products offered for sale by Defendants was not, at the time of their manufacture,

CHRISTIE, PARKER & HALE, LLP

authorized to use these marks or any other of IQAir's marks for the type of goods so manufactured.

34.    Upon information and belief, Defendants deceive consumers into believing they are purchasing original IQAir replacement filters when in fact consumers are actually purchasing lower quality replacement filters sourced by Defendants, but sold under the IQAir Marks that are all used in association with the Defendants' own product.

35.    By way of example, Defendants' use of the IQAir Marks on its website such as "Crucial Air Kit Fits IQAir® HealthPro® Compact Includes: 1 HyperHEPA® & Premax®" falsely suggests that the replacement filters offered for sale on Defendants' website are actual IQAir replacement filters (e.g., IQAir's HyperHEPA® filter and Premax® pre-filter), which they are not.

36.    In addition, Defendants advertise their infringing products using IQAir Marks in very large font to further create the false impression that the source of the replacement filter is IQAir.

37.    Defendants attempt to confuse and trick customers into browsing Defendants' www.crucialvacuum.com website through the unauthorized use of at least the IQAIR mark on sponsored paid search ads on the Internet.   Upon information and belief, Defendants have used in commerce at least the IQAIR mark in connection with its offer or sale and sale of its filter products, including, without limitation, the unauthorized use of at least the IQAIR mark, highlighted in the headings and text of sponsored paid search ads on the Internet.   Upon information and belief, customers searching for genuine IQAIR products including replacement filters on Internet search engines such as Google or Bing, have been confused by the prominent display of sponsored paid search ads by Defendants, where the ads themselves include at least the IQAIR mark prominently placed in the heading and text of the sponsored paid search ads.   This unauthorized and unlawful use of the IQAIR mark creates a likelihood of

CHRISTIE, PARKER & HALE, LLP

confusion for customers or potential customers who are searching the Internet for genuine IQAir products and are instead directed to Defendants' website as a result of Defendants' unauthorized use of at least the IQAIR mark in sponsored paid search ads, and where Defendants' website does not sell genuine IQAir products.

38.  Defendants, moreover, infringe IQAir's trade dress.  IQAir's V5-Cell air filter for its HealthPro Plus air purification unit features a particular visual appearance and product shape, including without limitation the overall shape, appearance and color of the V5-Cell air filter, the shape, appearance and color of the top portion, bottom portion and side portions of the V5-Cell air filter (collectively, the "V5-Cell Visual Appearance").

39.  The V5-Cell Visual Appearance is nonfunctional and distinctive.

40.  The V5-Cell Visual Appearance has acquired secondary meaning and did so prior to the use by Defendants.

41.  On information and belief, members of the consuming public associate air filters featuring the V5-Cell Visual Appearance with products from IQAir.

42.  Defendants have marketed, advertised, distributed, and sold, and continue to market, advertise, distribute, and sell air filters that have a visual appearance and product shape confusingly similar to, and indistinguishable from, the V5-Cell Visual Appearance.

43.  IQAir's sale of products featuring the V5-Cell Visual Appearance predates Defendants' sale of the infringing V5-Cell air filters.

**FIRST CLAIM FOR RELIEF**

**Infringement of Federally Registered Trademarks Asserted By Icleen**

**Against Defendants**

44.  Icleen hereby repeats and realleges paragraphs 4 through 43 of its Complaint.

CHRISTIE, PARKER & HALE, LLP

45.     Icleen's registered marks HYPERHEPA®, HEALTHPRO®, and IQAIR® are inherently distinctive, as evidenced by the registrations, respectively, on the Principal Register of the USPTO.

46.     Defendants' use of these identical marks in this District and elsewhere, in connection with the sale of replacement filters, is likely to cause confusion that Defendants' goods and services emanate from or are sponsored or authorized by Icleen.

47.     On information and belief, Defendants adopted and continue to use Icleen's registered marks HYPERHEPA®, HEALTHPRO®, and IQAIR® with complete disregard of Icleen's rights and with the intent to trade on the goodwill that IQAir have created.

48.     The above-described acts of Defendants constitute infringement of a registered trademark in violation of 15 U.S.C. Section 1114(1), in that Defendants have used in connection with their goods trademarks which are likely to cause confusion or mistake or to deceive the public that Defendants' goods or services are authorized, sponsored by, or affiliated with Icleen, and Defendants have caused such goods to enter into commerce which may be regulated by Congress.

49.     Icleen has been damaged and is likely to be damaged in the future by Defendants' infringement by reason of the likelihood that prospective purchasers and purchasers of Defendants' goods will be confused as to the source, sponsorship, or affiliation of Defendants' goods.

50.     Defendants have unfairly profited from the acts alleged in this Complaint and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

51.     By reason of Defendants' acts alleged herein, Icleen has suffered damage to its business goodwill.

CHRISTIE, PARKER & HALE, LLP

52.     By reason of Defendants' acts alleged herein, Icleen has suffered and will suffer irreparable harm in the future unless and until Defendants' conduct is permanently enjoined.

53.     Defendants' acts alleged herein were willful and taken in conscious disregard of Icleen's rights.

54.     This is an exceptional case and Icleen is entitled to an award of its attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Infringement of an Unregistered Trademark Asserted By Icleen Against Defendants

55.     Icleen hereby repeats and realleges paragraphs 4 through 54 of its Complaint.

56.     Icleen's unregistered trademarks PREMAX and V5-CELL are each inherently distinctive and have each acquired distinctiveness as a result of their respective use by IQAir.

57.     Defendants' use of Icleen's trademarks PREMAX and V5-CELL is likely to cause confusion that Defendants' goods are sponsored or authorized by or affiliated with Icleen.

58.     The above-described acts of Defendants constitute infringement of unregistered trademarks and also false designation of origin in violation of 15 U.S.C. Section 1125(a), in that Defendants have used in connection with their goods trademarks which are likely to cause confusion or mistake or to deceive the public that Defendants' goods are authorized, sponsored by, or affiliated with Icleen, and Defendants have caused such goods to enter into commerce which may be regulated by Congress.

59.     Icleen has been damaged and is likely to be damaged in the future by Defendants' infringement by reason of the likelihood that prospective purchasers

CHRISTIE, PARKER & HALE, LLP

and purchasers of Defendants' goods will be confused as to the source, sponsorship, or affiliation of Defendants' goods.

60.     Defendants have unfairly profited from the acts alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

61.     By reason of Defendants' acts alleged herein, Icleen has suffered damage to its business goodwill.

62.     By reason of Defendants' acts alleged herein, Icleen has suffered and will suffer irreparable harm in the future unless and until Defendants' conduct is permanently enjoined.

63.     Defendants' acts alleged herein were willful and taken in conscious disregard of Icleen's rights.

64.     This is an exceptional case and Icleen is entitled to an award of its attorneys' fees, costs and any other recoverable expenses.

### THIRD CLAIM FOR RELIEF

**State Trademark Infringement Asserted By Icleen Against Defendants**

65.     Icleen hereby repeats and realleges paragraphs 4 through 64 of the Complaint.

66.     The Court has jurisdiction over this Claim pursuant to 28 U.S.C. Section 1367.

67.     Defendants have used in commerce marks identical or confusingly similar to the IQAir Marks in connection with its business.

68.     Defendants' use of marks identical to the IQAir Marks in connection with Defendants' inferior replacement filter products is likely to cause confusion or mistake or to deceive as to the source of origin of those products.

69.     The above-described acts of Defendants constitute trademark infringement in violation of Cal. Bus. & Prof. Code Section 14320.

CHRISTIE, PARKER & HALE, LLP

70. Icleen has been damaged and is likely to be damaged in the future by Defendants' infringement by reason of the likelihood that prospective purchasers and purchasers of Defendants' goods will be confused as to the source, sponsorship, or affiliation of Defendants' goods.

71. Defendants have unfairly profited from the acts alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

72. By reason of Defendants' acts alleged herein, Icleen has suffered damage to its business goodwill.

73. By reason of Defendants' acts alleged herein, Icleen has suffered and will suffer irreparable harm in the future unless and until Defendants' conduct is permanently enjoined.

74. Defendants' acts alleged herein were willful and taken in conscious disregard of Icleen's rights.

## FOURTH CLAIM FOR RELIEF

### False Designation of Origin, 15 U.S.C. § 1125(a) Asserted By Plaintiffs Against Defendants

75. IQAir hereby repeats and realleges paragraphs 4 through 74 of the Complaint.

76. Defendants have used in interstate commerce marks identical to the IQAir Marks on replacement filters which are visually similar from IQAir's replacement filters to falsely identify the origin of Defendants' products.

77. The above-described acts of Defendants constitutes false designation of origin under 15 U.S.C. § 1125(a).

78. Defendants' false designation is likely to cause confusion, mistake and deception as to the origin, sponsorship, or approval of Defendants' goods or services.

CHRISTIE, PARKER & HALE, LLP

79.     Defendants' false designation in connection with its products is likely to cause confusion or mistake or to deceive as to the source of origin of those products.

80.     IQAir has been damaged and is likely to be damaged in the future by Defendants' false designation of origin in that prospective purchasers and purchasers of Defendants' goods will be confused as to the source, sponsorship, or affiliation of Defendants' goods.

81.     Defendants have unfairly profited from the acts alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

82.     By reason of Defendants' acts alleged herein, IQAir has suffered damages including damages to its business goodwill.

83.     By reason of Defendants' acts alleged herein, IQAir has suffered and will suffer irreparable harm in the future unless and until Defendants' conduct is permanently enjoined.

84.     This is an exceptional case and IQAir is entitled to an award of its attorneys' fees, costs and any other recoverable expenses.

## FIFTH CLAIM FOR RELIEF

**False Advertising, 15 U.S.C. § 1125(a) Asserted By Plaintiffs Against Defendants**

85.     IQAir hereby repeats and realleges paragraphs 4 through 84 of the Complaint.

86.     Defendants' public false statements including that Defendants have available for sale and sells replacement filters that appear to be IQAir products when in fact Defendants does not have available for sale and does not sell genuine IQAir products, constitutes false advertising in violation of 15 U.S.C. Section 1125(a).

CHRISTIE, PARKER & HALE, LLP

87.     On information and belief, Defendants began and continued its false advertising with complete disregard of IQAir's rights and with the intent to defraud the public and trade on the goodwill that IQAir has created.

88.     IQAir has been damaged and is likely to be damaged in the future by Defendants' false advertising by reason of diversion of prospective purchasers and purchasers of IQAir products under false pretenses.

89.     Defendants have unfairly profited from the false advertising alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

90.     By reason of Defendants' false advertising alleged herein, IQAir has suffered damage to its business goodwill.

91.     By reason of Defendants' false advertising alleged herein, IQAir has suffered and will suffer irreparable harm in the future unless and until Defendants' conduct is permanently enjoined.

92.     Defendants' false advertising alleged herein was and is willful and committed in conscious disregard of IQAir's rights.

93.     This is an exceptional case and IQAir is entitled to an award of its attorneys' fees, costs and any other recoverable expenses.

<u>**SIXTH CLAIM FOR RELIEF**</u>

**State Statutory False Advertising Asserted By Plaintiffs Against Defendants**

94.     IQAir hereby repeats and realleges paragraphs 4 through 93 of its Complaint.

95.     The Court has jurisdiction over this Claim pursuant to 27 U.S.C. Section 1367.

96.     Defendants' public false statements including that Defendants have available for sale and sells replacement filters that appear to be IQAir products when in fact Defendants does not have available for sale and does not sell IQAir

CHRISTIE, PARKER & HALE, LLP

products, constitutes false advertising in violation of California Business & Professions Code Section 17500 *et seq.*

97.   On information and belief, Defendants began and continued its false advertising with complete disregard of IQAir's rights and with the intent to defraud the public and trade on the goodwill that IQAir has created.

98.   IQAir has been damaged and is likely to be damaged in the future by Defendants' false advertising by reason of diversion of prospective purchasers and purchasers of IQAir Products under false pretenses.

99.   Defendants have unfairly profited from the false advertising alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

100.   By reason of Defendants' false advertising alleged herein, IQAir has suffered damage to its business goodwill.

101.   By reason of Defendants' false advertising alleged herein, IQAir has suffered and will suffer irreparable harm in the future unless and until Defendants' conduct is permanently enjoined.

102.   Because of Defendants' acts complained of herein, IQAir has been actually damaged and suffered irreparable harm, and will continue to suffer irreparable harm, and Defendants have been unjustly enriched and will continue to be unjustly enriched, which damage, irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

## SEVENTH CLAIM FOR RELIEF

### State Statutory Unfair Competition Asserted By Plaintiffs Against Defendants

103.   IQAir hereby repeats and realleges paragraphs 4 through 102 of the Complaint.

104.   The Court has jurisdiction over this Claim pursuant to 27 U.S.C. Section 1367.

-16-

105.   Defendants' use of IQAir's Marks in conjunction with Defendants' marketing, advertising, distribution, and sale of products as complained of herein is likely to, and is intended to, cause confusion to purchasers and potential purchasers of IQAir's products, and to unfairly compete with IQAir.

106.   By the acts complained of herein, Defendants have engaged in unfair competition as contemplated under Cal. Bus. & Prof. Code Sections 17200 *et seq*.

107.   Because of Defendants' acts complained of herein, IQAir has been actually damaged and suffered irreparable harm, and will continue to suffer irreparable harm, and Defendants have been unjustly enriched and will continue to be unjustly enriched, which damage, irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

## EIGHTH CLAIM FOR RELIEF

**State Common Law Unfair Competition Asserted By Plaintiffs Against Defendants**

108.   IQAir hereby repeats and realleges paragraphs 4 through 107 of its Complaint.

109.   The Court has jurisdiction over this Claim pursuant to 27 U.S.C. Section 1367.

110.   By its acts complained of herein, Defendants have engaged in unfair competition under the common law of the State of California.

111.   On information and belief, the acts of Defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake and deception.

112.   Because of Defendants' acts complained of herein, IQAir has suffered and will continue to suffer irreparable harm, and Defendants have unfairly profited and will continue to be unjustly enriched, to an extent not presently ascertained, which irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

-17-

113.   Defendants' conduct is and has been intentional, willful, malicious, oppressive, and in reckless disregard of IQAir's rights, entitling IQAir to an award of punitive damages.

## NINTH CLAIM FOR RELIEF

**Trade Dress Infringement Asserted By Icleen Against Defendants**

114.   Icleen hereby repeats and realleges paragraphs 4 through 113 of its Complaint.

115.   The V5-Cell Visual Appearance is recognizable to the purchasing public and identifies and distinguishes products featuring the V5-Cell Visual Appearance as a product of Icleen.

116.   The V5-Cell Visual Appearance constitutes legally protectable trade dress.

117.   Defendants' marketing, advertising, distribution, and sale of the infringing V5-Cell air filters is likely to confuse, cause mistake, and deceive the purchasing public as to the source and sponsorship of Icleen's V5-Cell air filters and/or Defendants' infringing V5-Cell air filters.

118.   On information and belief, Defendants' marketing, advertising, distribution, and sale of the infringing V5-Cell air filters is intended by Defendants to confuse, cause mistake, and deceive the purchasing public as to the source and sponsorship of Icleen's V5-Cell air filters and/or Defendants' infringing V5-Cell air filters.

119.   By its aforesaid acts, Defendants have infringed Icleen's rights in its trade dress, in violation of 15 U.S.C. Section 1125(a).

120.   Because of Defendants' acts complained of herein, Icleen has been actually damaged and suffered irreparable harm, and will continue to suffer irreparable harm, and Defendants have been unjustly enriched and will continue to be unjustly enriched, to an extent not presently ascertained, which damage,

CHRISTIE, PARKER & HALE, LLP

-18-

irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

121.   The circumstances of this case warrant an enhancement of damages and/or profits awarded to Icleen, to the maximum extent permitted by law.

122.   This is an exceptional case and Icleen is entitled to an award of its attorneys' fees.

## TENTH CLAIM FOR RELIEF

**Breach of Contract Asserted By IQAir North America Against Mr. Rubin**

123.   IQAir North America hereby repeats and realleges paragraphs 4 through 122 of the Complaint.

124.   The Court has jurisdiction over this Claim pursuant to 27 U.S.C. Section 1367.

125.   On or about May 24, 2013, IQAir North America and Mr. Rubin entered into an Authorized Dealer Agreement.  A copy of the Authorized Dealer Agreement is attached to this Complaint as Exhibit D.

126.   IQAir North America has fulfilled all obligations and taken all actions required of it pursuant to the terms of the Authorized Dealer Agreement.

127.   Pursuant to the Authorized Dealer Agreement, Mr. Rubin agreed to use the IQAIR trademark only in association with IQAir residential air cleaning products and agreed not to use the IQAIR trademark in his URLs.

128.   On information and belief, Mr. Rubin has breached the terms of the Authorized Dealer Agreement at least by advertising, offering for sale and selling low quality replacement air filters using the IQAIR trademark during the term of the Authorized Dealer Agreement.  For example, upon information and belief, Mr. Rubin advertised, offered for sale and sold HEPAdirect replacement filters using the IQAIR trademark on its website www.crucialvacuum.com as well as on Amazon.

CHRISTIE, PARKER & HALE, LLP

129.   On information and belief, Mr. Rubin has also breached the terms of the Authorized Dealer Agreement by continuing  to use IQAir's trademarks and images upon termination of the agreement.

130.   On information and belief, Mr. Rubin has also breached the terms of the Authorized Dealer Agreement by using the IQAIR trademark in his URLs, for example:

www.crucialvacuum.com/allergy-care/air-purifier-filters/iqair.html

during the term of the Authorized Dealer Agreement. Copies of websites showing such use are attached as Exhibit E.

131.   As a result of Mr. Rubin's breach of the Authorized Dealer Agreement, IQAir North America has been damaged.

132.   As a result of Mr. Rubin's breach of the Authorized Dealer Agreement, IQAir North America is entitled to its attorney's fees, expenses and costs.

## **PRAYER**

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

1.     For a temporary and permanent injunction prohibiting Defendants and any agents, successors, or other related parties from further falsely advertising or infringing IQAir's Marks and trade dress pursuant to at least 15 U.S.C. Sections 1116 and 1125 Cal. Bus. & Prof. Code Sections 14340, 17200 *et seq.* and 17500 *et seq.*, and requiring Defendants to deliver up to IQAir for destruction any and all products that have been purchased or sold in conjunction with Defendants' use or infringement of IQAir's Marks or trade dress and that are in Defendants' possession, custody or control, along with any tooling or other items of manufacture, the sole purpose of which is to manufacture such infringing products, as well as any promotional literature and packaging which displays or promotes such infringing products, pursuant to 15 U.S.C. Section 1118 and Cal.

-20-

Bus. & Prof. Code Sections 14340, 17200 *et seq.* and 17500 *et seq.*; and from using any infringing mark, trade dress, and false advertising on any social media site and/or website owned, maintained or controlled by or for the benefit of Defendants, or by any agent of Defendants, including but not limited to the websites www.crucialair.com and www.crucialvacuum.com;

2.   For a temporary and permanent injunction prohibiting Defendants and any agents, successors, or other related parties from using any of IQAir's trademarks and images for any purpose;

3.   For an accounting by Defendants, actual damages sustained by Plaintiffs and all profits realized by Defendants by reason of its infringement of IQAir's Marks, and that such damages and/or profits be trebled and/or enhanced to the maximum amount provided by law, all as pursuant to 15 U.S.C. Section 1117(a) and Cal. Bus. & Prof. Code Section 14340;

4.   For corrective advertising;

5.   For disgorgement of profits and restitution;

6.   For punitive damages under California common law;

7.   For damages for Mr. Rubin's breach of the Authorized Dealer Agreement;

8.   For prejudgment interest on all damages pursuant to 15 U.S.C. Section 1117(b), under California law, and any other applicable basis;

9.   For all of Plaintiffs' costs and expenses of this Action, including attorneys' fees; and

CHRISTIE, PARKER & HALE, LLP

1    10.    For such other or further relief as the Court may deem just and
2 proper.
3
4 DATED:  December 17, 2014              Respectfully submitted,
5                                        CHRISTIE, PARKER & HALE, LLP
6
7                                        By___/s/G. Warren Bleeker_____
8                                           G. Warren Bleeker
9                                           Attorneys for Plaintiffs,
                                            IQAIR NORTH AMERICA, INC. and
10                                          ICLEEN ENTWICKLUNGS- UND
                                            VERTRIEBSANSTALT FÜR
11                                          UMWELTPRODUKTE
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY TRIAL**

Plaintiffs IQAir North America, Inc. and Icleen Entwicklungs- und Vertriebsanstalt für Umweltprodukte, a Liechtenstein corporation, pursuant to Federal Rule of Civil Procedure 38, hereby demand a trial by jury of all issues so triable.

DATED:  December 17, 2014          Respectfully submitted,

                                   CHRISTIE, PARKER & HALE, LLP


                                   By___/s/G. Warren Bleeker_____
                                       G. Warren Bleeker

                                   Attorneys for Plaintiffs,
                                   IQAIR NORTH AMERICA, INC. and
                                   ICLEEN ENTWICKLUNGS- UND
                                   VERTRIEBSANSTALT FÜR
                                   UMWELTPRODUKTE

SCL PAS1321486.3-*-12/17/14 9:51 AM

CHRISTIE, PARKER & HALE, LLP

-23-